# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY STOCKTON,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>ORTIZ, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-02227-SMS PC<br><br>ORDER DENYING MOTION FOR<br>PRELIMINARY INJUNCTIVE RELIEF<br><br>(Doc. 6) |

　　　　Plaintiff Percy Stockton, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 23, 2009. On January 14, 2010, Plaintiff filed a document advising the Court of incessant ongoing harassment and expressing concern over whether his property might be intentionally lost in an anticipated transfer to another facility. Therein, Plaintiff inquired as to whether the Court might express concern to the Warden as to the safekeeping of Plaintiff's property throughout the transfer process. Plaintiff's letter is hereby construed as a request for preliminary injunction.

　　　　"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

1    Federal courts are courts of limited jurisdiction and in considering a request for preliminary
2 injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before
3 it an actual case or controversy. City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660,
4 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.,
5 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982).  If the Court does not have an actual case or
6 controversy before it, it has no power to hear the matter in question. Id.  "[The] triad of injury in
7 fact, causation, and redressability constitutes the core of Article III's case-or-controversy
8 requirement, and the party invoking federal jurisdiction bears the burden of establishing its
9 existence." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 103-04, 118 S.Ct. 1003 (1998).
10 Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison
11 Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn,
12 extends no further than necessary to correct the violation of the Federal right, and is the least
13 intrusive means necessary to correct the violation of the Federal right."

14    At this stage in the proceedings, Plaintiff's complaint has not been screened to ascertain
15 whether he has stated any claims for relief which are cognizable under federal law.[1]  As a result, the
16 Court has no jurisdiction at this time to award any preliminary injunctive relief.  Further, assuming
17 Plaintiff will be able to cure any deficiencies found in his claims to set forth one or more viable
18 federal claims, Plaintiff is not entitled to any relief that is not narrowly drawn to correct the violation
19 of his rights at issue in this action.  The constitutional and statutory requirements applicable to
20 equitable relief preclude Plaintiff from entitlement to generalized relief such as an order prohibiting
21 the defendants from retaliating against him for filing this lawsuit or somehow protecting his property
22 from being intentionally lost during transfer to a different facility.  Assuming Plaintiff is able to state
23 a viable claim, such equitable relief, by its very nature, will not be sufficiently related to Plaintiff's
24 underlying legal claim to satisfy the jurisdictional requirements that apply to federal courts.

25    Accordingly, Plaintiff's motion for preliminary injunctive relief, filed January 14, 2010, is

---

[1] Plaintiff's complaint will be screened in due course.

1 HEREBY ORDERED DENIED because the Court lacks jurisdiction to issue the orders sought.[2]

4 IT IS SO ORDERED.

Dated:   May 20, 2010                              /s/ Sandra M. Snyder
                                            UNITED STATES MAGISTRATE JUDGE

---

[2] Because the Court lacks jurisdiction, the Court does not reach the merits of the motions.

3