# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY STOCKTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>C/O ORTIZ, et al.,<br><br>　　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-02227-SKO PC<br><br>ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT<br><br>(Doc. 31) |

　　　Plaintiff Percy Stockton, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 23, 2009. On February 2, 2012, the Court ordered Plaintiff to file an opposition or a statement of non-opposition to Defendants' motion to dismiss within twenty-one days. More than twenty-one days have passed and Plaintiff has not complied with or otherwise responded to the Court's order.

　　　The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action. Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000). In determining whether to dismiss an action for failure to comply with an order, the Court must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted). These factors guide a court in

///

deciding what to do and are not conditions that must be met in order for a court to take action. Id. (citation omitted).

Based on Plaintiff's failure to comply with or otherwise respond to the Court's order, the Court finds that dismissal is an appropriate sanction. Id. This action, which has been pending since 2009, requires Plaintiff's cooperation in its prosecution, the action cannot simply remain idle on the Court's docket, and the Court is not in a position to expend its scant resources resolving an unopposed motion in light of Plaintiff's demonstrated disinterest in continuing the litigation. Id.

Accordingly, this action is HEREBY DISMISSED, with prejudice, for failure to prosecute and Defendants' motion to dismiss is DENIED as moot. In re PPA, 460 F.3d at 1226; Local Rule 110. The Clerk of the Court SHALL enter judgment.

IT IS SO ORDERED.

**Dated:   March 14, 2012**                        /s/ Sheila K. Oberto
                                                    UNITED STATES MAGISTRATE JUDGE