# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERCY STOCKTON,<br><br>        Plaintiff,<br><br>    v.<br><br>C/O ORTIZ, et al.,<br><br>        Defendants. | CASE NO. 1:09-cv-02227-SKO PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ASSIGNMENT OF ACTION TO A DISTRICT JUDGE AND TO SET ASIDE JUDGMENT, WITH PREJUDICE<br><br>(Doc. 41) |

**Order Denying Motion to Assign District Judge and Set Aside Judgment**

**I.    Procedural History**

Plaintiff Percy Stockton, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on December 23, 2009. On March 14, 2012, the Court dismissed this action, with prejudice, based on Plaintiff's failure to prosecute. On March 26, 2012, Plaintiff filed a motion seeking the assignment of a district judge and to set aside judgment and reopen the case. Fed. R. Civ. P. 60(b). Defendants did not file a response.

**II.    Legal Standard**

Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order for any reason that justifies relief. Rule 60(b)(6) is to be used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (quotation marks and citation omitted). The moving party must demonstrate both injury and circumstances beyond his control. Id. (quotation marks and citation omitted). Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show

1

"what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion," and "why the facts or circumstances were not shown at the time of the prior motion."

"A motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in original).

### III.     Discussion

On January 12, 2012, Defendants filed a motion to dismiss for failure to exhaust the available administrative remedies. Fed. R. Civ. P. 12(b). Pursuant to the Court's order filed on August 8, 2011, Plaintiff was given notice of the requirements for opposing an unenumerated Rule 12(b) motion. (Doc. 18-1.) On February 2, 2012, the Court issued an order requiring Plaintiff to file an opposition or a statement of non-opposition to the motion to dismiss within twenty-one days. After more than twenty-one days passed and Plaintiff failed to comply with or otherwise respond to the order, the Court dismissed the action.

In his motion, Plaintiff first disputes that he consented to magistrate judge jurisdiction and he seeks the assignment of a district judge. Plaintiff then argues that he mailed a response to the motion to the "district attorney" within twenty-one days and he sent two "solicitations for time extensions to the Attorney General," which were ignored. (Doc. 41.) Plaintiff requests an investigation, the reopening of this case, the removal of the undersigned, and the assignment of this action to a district judge.

All parties consented to the jurisdiction of a magistrate judge and Plaintiff's assertion that he did not consent is baseless. 28 U.S.C. § 636(c). (Docs. 5, 35.) Although Plaintiff filed a second consent/decline form declining magistrate judge jurisdiction on March 19, 2012, he cannot withdraw his earlier consent based on his disagreement with the Court's rulings or because he simply changed

///

2

his mind; Plaintiff's motion for reassignment of this action to a district judge is denied, with prejudice. Dixon v. Ylst, 990 F.2d 478, 480 (9th Cir. 1993). (Doc. 38.)

     Plaintiff's motion to set aside judgment is both unsupported and unpersuasive. Plaintiff was on notice of the requirements for opposing a motion to dismiss and he was ordered to file an opposition or a statement of non-opposition within twenty-one days. Plaintiff's own arguments demonstrate his lack of compliance with the terms of the Court's order, and his motion is devoid of any explanation which would entitle him to relief under Rule 60(b)(6). Marlyn Nutraceuticals, Inc., 571 F.3d at 880; Harvest, 531 F.3d at 749.

**IV.  Order**

     Plaintiff's motion for reassignment of this action to a district judge and to set aside judgment, filed on March 26, 2012, is HEREBY DENIED, with prejudice.

     Further recourse, if any, must be sought from the appellate court.

IT IS SO ORDERED.

**Dated:   May 21, 2012**          /s/ Sheila K. Oberto
                                          UNITED STATES MAGISTRATE JUDGE